UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.V.,<br><br>        Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 23-cv-03640-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. SECTION 406(b)**<br><br>Re: Dkt. No. 22 |

## I.    INTRODUCTION

Francesco Benavides ("Counsel"), who represented J.M.V. in this matter under a contingency fee agreement, brings a Motion for Award of Attorney' Fees Under 42 U.S.C. § 406(b) ("Motion"), seeking an award of $11,000 in attorneys' fees for work before this Court. For the reasons stated below, the Motion is GRANTED.[1]

## II.    BACKGROUND

J.M.V. entered into a contingent fee agreement with Counsel providing that Counsel would be awarded 25% of all past-due benefits J.V.M. received as a result of this action. Dkt. no. 22-3. Plaintiff filed a motion for summary judgment and the Commissioner stipulated to a remand of this case for further proceedings. Dkt. nos. 11, 15. On December 20, 2023, the Court approved a stipulated fee award of $7,500 under the Equal Access to Justice Act ("EAJA"). Dkt. no. 21 ("EAJA stipulation").

On November 2, 2025, the Social Security Administration issued a Notice of Award,

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

indicating that it awarded $73,386.00 in past-due benefits to J.M.V. and that it withheld $18,346.50 for attorneys' fees. Dkt. no. 22-1.

Counsel asks the Court to award $11,000.00 in attorney fees under 42 U.S.C. § 406(b) and has supplied evidence that he worked 29.9 attorney hours before this Court. Dkt, no. 22-4 (itemization of time). Awarding the full amount requested by Counsel would result in reimbursement at a rate of $367.89 per billed hour.

### III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht v. Barnhart,* 535 U.S. 789, 793-94 (2002). Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms

2

of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, Counsel seeks $11,000.00 in attorneys' fees, which does not exceed the cap under the fee agreement of 25% of the past due benefits. The Court finds Counsel's request to be reasonable under *Gisbrecht*. First, Counsel has presented a valid contingent fee agreement. Second, Counsel has supplied timesheets documenting hours worked, which the Court finds to be reasonable. Third, there is no evidence that Counsel's work was substandard or that the fee award is disproportionate to the amount of work on the case and the effective hourly rate of $367.89 is well within the range of what courts have approved under Section 406(b). *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of

1  work). Moreover, Counsel obtained an excellent result for his client and took on the risk of
2  contingent representation.
3      Accordingly, the Court finds that Counsel is entitled to the requested amount of
4  $11,000.00 in attorney fees under 42 U.S. § 406(b).

5  **IV.  CONCLUSION**
6      The Motion is GRANTED.  Counsel is awarded $11,000.00 in attorneys' fees. The EAJA
7  fees previously awarded to Counsel in this case, in the amount of $7,500.00, shall be paid to
8  J.M.V.
9      **IT IS SO ORDERED.**

11  Dated:  November 28, 2025

         _____
         JOSEPH C. SPERO
         United States Magistrate Judge

4